UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 07-CV-211-JMH

MARSHALL WILLOUGHBY,                                           PLAINTIFF,

VS:                    **MEMORANDUM OPINION AND ORDER**

FRANK A. FLETCHER, ET AL.,                                    DEFENDANTS.

**\* \* \* \* \***

Plaintiff Marshall Willoughby ("Willoughby") filed this *pro se* complaint seeking damages for events which transpired during the course of probate proceedings in Breathitt Circuit Court. [Record No. 1]  On July 11, 2007, the Court entered an Order to Show Cause directing Willoughby to establish this Court's subject matter jurisdiction over his claims [Record No. 6] and Willoughby has now filed his response. [Record No. 7]

### DISCUSSION

In his response, Willoughby notes that this Court exercised jurisdiction over the civil rights and wrongful death action filed against the Breathitt County Jail and its officials arising out of his wife's death.  *Hatton v. Spicer*, 05-17-GFVT, Eastern District of Kentucky.  In that action Ms. Hatton, as administrator of Sheila Willoughby's estate, asserted a federal civil rights claim under 42 U.S.C. § 1983 and a pendant state law wrongful death action. Hatton asserted that the defendants violated Mrs. Willoughby's rights under the Eighth Amendment.  Such a claim presents a

"federal question" to establish the Court's subject matter jurisdiction under 28 U.S.C. § 1331, *Green v. Nevers*, 111 F.3d 1295, 1299 (6th Cir. 1997), and 28 U.S.C. § 1343 specifically provides jurisdiction over claims asserted under Section 1983. Having established jurisdiction over Hatton's civil rights claim, the Court was authorized to exercise jurisdiction over her purely state law wrongful death claim by virtue of the grant of "supplemental" jurisdiction under 28 U.S.C. § 1367.

In this case, however, Willoughby asserts only negligence claims arising under Kentucky law. As previously noted, such claims do not present a "federal question" to permit the Court to exercise its jurisdiction under 28 U.S.C. § 1331. *See Lamson v. Firestone Tire and Rubber Co.*, 724 F.Supp. 511 (N.D. Ohio 1989). Willoughby asks the Court to consider whether his claims may be brought in this Court under its supplemental jurisdiction under 28 U.S.C. § 1367. However, Section 1367 only permits the exercise of supplemental jurisdiction where the Court already possesses subject matter jurisdiction over at least one of the plaintiff's claims in the action under its federal question or diversity jurisdiction. Without such "primary" jurisdiction over at least one of his claims, the Court cannot exercise "supplemental" jurisdiction over any claim. *See Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395 (6th Cir. 1995).

Finally, Willoughby asks the Court to exercise its diversity

jurisdiction, even where he cannot satisfy the diversity of citizenship requirement, because he does satisfy the amount in controversy requirement.  Such a holding would be contrary to Article III of the Constitution of the United States, which limits the jurisdiction of the federal courts to such matters as the Congress may establish.  U.S. Const. art. III, § 2, cl. 2. Congress established the Court's diversity jurisdiction in 28 U.S.C. § 1332, which requires both a diversity of citizenship and an amount in controversy in excess of $75,000.  The Court is not at liberty to disregard one of these requirements.  *Finley v. Higbee Co.*, 1 F. Supp. 2d 701 (N.D. Ohio 1997) (Section 1367 does not authorize district court to exercise diversity jurisdiction over action to which non-diverse defendant had been named).

Because the Court lacks subject matter jurisdiction over the claims asserted in the Complaint, the Plaintiff's Complaint must be dismissed without prejudice.

**CONCLUSION**

Accordingly,

**IT IS ORDERED**,

(1)  The plaintiff's complaint [Record No. 1] is **DISMISSED WITHOUT PREJUDICE.**

(2)  This is a **FINAL AND APPEALABLE ORDER.**

(3)  The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114

F.3d 601, 610-11 (6th Cir. 1997).

This the 20th day of July, 2007.



Signed By:

*Joseph M. Hood*

United States District Judge